IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-02557-CMA-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or "the EEOC") Motion for Partial Summary Judgment. (Doc. # 28.) In this motion, Plaintiff seeks summary judgment on Defendant Beverage Distributor Company, LLC's Third, Fifth, Eighth, Twelfth, Thirteenth, Fourteenth, and Twenty-Second affirmative defenses. Defendant responded on September 10, 2012,[1] and Plaintiff replied on September 27, 2012. (Doc. ## 34, 40.)

## I. BACKGROUND[2]

Mike Sungaila was employed by Defendant as a Drivers' Helper for more than four years. On or about March 4, 2008, Mr. Sungaila was informed that his position as

---

[1] In its Response, Defendant concedes Plaintiff's Motion with respect to its Third, Twelfth, Fourteenth, and Twenty-Second affirmative defenses. (Doc. # 34 at 1-2.) Thus, the Court grants Plaintiff's Motion with respect to these affirmative defenses.

[2] The following facts are undisputed, unless otherwise noted.

a Drivers' Helper was being eliminated. The next day, Mr. Sungaila applied for a position as a Night Warehouse Loader in Defendant's warehouse. After an interview, he was offered the position on the condition that he pass a medical examination. On March 24, 2008, Mr. Sungaila was examined by a physician at HealthOne who indicated on a form that Mr. Sungaila was legally blind and might be a direct threat unless reasonable accommodations were available. After receiving the letter, Defendant withdrew its offer of employment.[3]

Mr. Sungaila filed EEOC Charge of Discrimination No. 541-2088-01960 on May 19, 2008. (Doc. # 28-4.) EEOC issued its determination on Mr. Sungaila's charge on July 21, 2011. (Doc. # 28-5.) On July 29, 2011, the EEOC sent a letter detailing its demand to settle the case. (Doc. # 28-6.) On August 31, 2011, the EEOC held an in-person conciliation meeting, which was attended by Defendant's CFO, its HR Director, and its counsel. Ultimately, the parties were unable to resolve the case during the conciliation. EEOC issued notice of failure of conciliation on September 13, 2011, and this lawsuit was commenced on September 20, 2011. (Doc. ## 28-7; 1.) Defendant answered on January 10, 2012, asserting numerous affirmative defenses. (Doc. # 13.)

On January 10, 2012, Plaintiff served its first set of interrogatories on Defendant. Interrogatory No. 7 asks Defendant to state the factual basis for, *inter alia*, Defendant's

---

[3] Plaintiff contends that Defendant made the decision "to terminate" Mr. Sungaila's employment, whereas Defendant contends that it withdrew its conditional offer of employment. This appears to be little more than a semantic disagreement, because the fact of the matter is that Mr. Sungaila's offer of employment was withdrawn after Defendant received the results of his medical examination.

Fifth (failure to conciliate) or Eighth (laches) affirmative defenses. To date, Defendant has not responded EOC's Interrogatory No. 7.

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. In attempting to meet that standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III. ANALYSIS

Defendant concedes that summary judgment should be granted on its Third, Twelfth, Fourteenth, and Twenty-Second affirmative defenses. Thus, the Court's analysis focuses on whether summary judgment should be granted on Defendant's Fifth, Eighth, and Thirteenth Affirmative Defenses, which assert, respectively, failure to conciliate, laches, and bifurcation of any claim for punitive damages.

**A. FIFTH AFFIRMATIVE DEFENSE – CONCILIATION**

Defendant's fifth affirmative defense is that "Plaintiff failed to satisfy its legal obligation to make reasonable efforts to conciliate the present matter prior to bringing the instant action." (Doc. # 13 at 7.) Before the EEOC may file suit after making a reasonable cause determination, the EEOC must first attempt to resolve the matter through conciliation. 42 U.S.C. § 2000e-5(b) (providing that the EEOC must engage in "informal methods of conference, conciliation, and persuasion.").

4

The EEOC satisfies the minimal jurisdictional requirements of § 2000e-5(b) when it makes "a sufficient albeit limited effort to conciliate." *EEOC v. Prudential Fed. Sav. & Loan Assoc.*, 763 F.2d 1166, 1169 (10th Cir. 1985). Courts have also found that the EEOC is required to act in good faith, and must make "a sincere and reasonable effort to negotiate by providing the defendant an adequate opportunity to respond to all charges and negotiate possible settlements." *Id.* However, the Tenth Circuit has also instructed that district courts should not "examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide" when determining whether the EEOC has fulfilled its conciliation requirement. *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978).

In this case, Defendant does not dispute that the EEOC attempted conciliation, only that the EEOC's attempt at conciliation "fell far short of what could reasonably be expected of the agency." (Doc. # 34 at 9.) (asserting also that the EEOC's settlement position was "inconsistent with good faith."). Whatever the merits of this argument,[4] it is

---

[4] In its Response brief, Defendant appears to argue that EEOC's conciliation attempts were not taken in good faith largely because of the allegedly dilatory investigation that preceded the conciliation. Defendant cites no authority, however, for the proposition that the EEOC's investigation has any bearing on whether its conciliation efforts were taken in good faith. In fact, it is entirely unclear whether the adequacy of the EEOC's investigation is even subject to judicial review, let alone that the preceding investigation can undermine the EEOC's concili-ation efforts. *See EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 832 (7th Cir. 2005) ("No case actually holds that the scope of the EEOC's investigation is a justiciable issue in a suit by the EEOC"); *EEOC v. Cal. Psych. Transitions, Inc.*, 725 F. Supp. 2d 1100, 1112 (E.D. Cal. 2010) (citing several cases holding that the adequacy of the EEOC investigation may not be challenged in subsequent litigation); *see also EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) (holding that the district court erred by evaluating the sufficiency of the EEOC's investigation).

Defendant also contends that the EEOC violated its confidentiality agreement by providing the Court with general information about the conciliation proceedings. The Court agrees with the EEOC that Defendant opened the door to the issue by asserting its affirmative defense. In any event, even if the EEOC breached its confidentiality agreement, the Court fails

well-settled in the Tenth Circuit that the EEOC's failure to conciliate in good faith is not a defense to liability.  See *Prudential*, 763 F.2d at 1169 ("we have refused to dismiss cases where the EEOC failed to exhaust fully its duty to conciliate"); *EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1198 (D. Colo. 2011) ("In the Tenth Circuit, if there has been any attempt at conciliation, the action cannot be dismissed for failure to attempt conciliation"); *EEOC v. Burlington N.*, No. CIV-07-734-D, 2008 WL 4845308, at *2 n.6 (W.D. Okla. June 23, 2008) (unpublished) ("a lack of reasonable conciliation is not an affirmative defense to liability but a condition precedent to prosecuting the action – the remedy for a violation is a stay of the case until conciliation efforts are completed, not dismissal of the case.").  Thus, even assuming that Defendant proved that the EEOC did not conciliate in good faith, the proper remedy would be to stay the case, rather than dismiss the action.

Because it is undisputed that the EEOC made an attempt at conciliation, and Defendant has not sought a stay in order to conduct further conciliation, summary judgment is appropriate on Defendant's affirmative defense that the EEOC failed to conciliate in good faith.  See *JBS USA*, 794 F. Supp. 2d at 1198 (denying defendant's motion to dismiss for failure to conciliate where the court found that the EEOC made sufficient attempts to conciliate and the defendant did not seek a stay to conduct further conciliation); *EEOC v. State of Kansas, Dep't of Admin.*, No. 81-4114, 1982 WL 303,

---

to perceive how this would have any bearing on the question of whether the EEOC made a good faith attempt to conciliate.

at *4 (D. Kan. Apr. 8, 1982) ("There being no request for a stay of proceedings before this court, the issue of good faith is not material.").

## B.   EIGHTH AFFIRMATIVE DEFENSE – LACHES

Defendant's Eighth affirmative defense is that "Plaintiff's claims fail to the extent they are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and/or unclean hands." (Doc. # 28 at 8.)  Defendant offers no response to Plaintiff's motion with respect to its defenses of waiver, equitable estoppel, and unclean hands, and for the reasons stated in Plaintiff's motion, summary judgment is appropriate on these affirmative defenses. (See Doc. # 28 at 9-11.)  Thus, the only issue is whether summary judgment should also be granted on Defendant's affirmative defense of laches.

The defense of laches is an equitable defense "which bars a plaintiff from maintaining a suit if [it] unreasonably delays in filing a suit and as a result harms the defendant." *Nat'l R.R. Passenger Corp., v. Morgan*, 536 U.S. 101, 121 (2002).  The defense has two components: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."[5]  *Id.* at 122; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002) (defendant must prove both unreasonable delay and that it was materially prejudiced by the delay).

---

[5] Although *Morgan* observed that it was not entirely clear whether the laches defense may be asserted against the EEOC, *Morgan* also noted that "there seem[s] to be general agreement that courts can provide relief to defendants against inordinate delay by the EEOC." 536 U.S. at 122 n.14; *see also Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 373 (1977) (stating that federal courts have power to provide relief when a defendant is "significantly handicapped" due to "inordinate EEOC delay in filing the action after exhausting its conciliation efforts.").

It is undisputed that Mr. Sungaila filed his charge of discrimination with the EEOC on May 19, 2008, and that this lawsuit was commenced on September 20, 2011. Thus, there was a three year and four month delay from the time the EEOC began its investigation and the time that the EEOC initiated this lawsuit.[6] Although neither party has directed the Court to any on-point Tenth Circuit authority, courts in other jurisdictions have declined to "say that any set length of delay is per se unreasonable." *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978); *EEOC v. Autozone, Inc.*, 258 F. Supp. 2d. 822, 826-27 (W.D. Tenn. 2003) ("[T]he reasonableness of the EEOC's delay does not depend on the total amount of time between filings, but on the EEOC's reasons for the delay."). Here, the EEOC does not explain why there was such a delay between the charge of discrimination and the commencement of this case. Thus, the Court cannot say as a matter of law that the delay was reasonable.[7]

In its Reply, the EEOC points out that Defendant has provided no evidence that it was prejudiced by the delay. This is true, but this is also not an issue that the EEOC raised in its motion for partial summary judgment. (*See* Doc. # 28 at 10.) Although a

---

[6] In its Motion, the EEOC notes that only two months passed between the EEOC's determination that there was cause to believe that discrimination had occurred and when this lawsuit was filed. (Doc. # 28 at 10.) The EEOC does not explain why this would be a relevant consideration, and other courts have looked at the lapse in time between when a charge was filed and the initiation of the lawsuit as the relevant time frame for assessing a defense of laches. *See, e.g.*, *U.S.E.E.O.C. v. Global Horizons, Inc.*, --- F. Supp. 2d ---, 2012 WL 5489955, at *14 (D. Haw. Nov. 8, 2012) ("Five years lapsed between the date a charge was filed against [the employer] with the EEOC and the date the EEOC instituted this suit.").

[7] The Court notes, however, that Defendant has not cited a single case where a court found that a three-year and four-month delay from the date of the charge of discrimination through the commencement of a lawsuit was unreasonable, and the Court has been unable to find any such case upon independent investigation. (Doc. # 34 at 10). Thus, putting it mildly, Defendant will have an uphill battle in establishing that the EEOC's delay was unreasonable.

movant who does not bear the ultimate burden at trial may move for summary judgment by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim, s*ee Adler*, 144 F.3d at 671, the EEOC only pointed out a lack of evidence regarding prejudice in its Reply.  Thus, Defendant was not put on notice that the EEOC was challenging their evidence of prejudice.   Because there is insufficient evidence on the record for the Court to assess whether the EEOC's delay was reasonable, and this was the basis for summary judgment raised by the EEOC, the Court denies summary judgment on Defendant's Eighth affirmative defense of laches.

## C.   THIRTEENTH "AFFIRMATIVE DEFENSE" – BIFURCATION OF PUNITIVE DAMAGES CLAIM

Defendant's Thirteenth "affirmative defense" is that Defendant's due process rights will be violated without bifurcating the trial for separate consideration of the EEOC's request for punitive damages.  However, bifurcation has no bearing on whether Defendant should be held liable.  Thus, this "affirmative defense," although so termed by Defendant, is not actually an affirmative defense.  *See* Black's Law Dictionary (9th ed. 2009) (defining affirmative defense as: "A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.").  As such, the Court strikes Defendant's Thirteenth "affirmative defense."

To the extent that Defendant asks the Court to bifurcate the EEOC's punitive damages claim from the rest of trial, the Court is unable to do so at this juncture.  In its Response, Defendant contends, without citing any relevant authority, that it has "a right

to bifurcation" if the EEOC seeks punitive damages. (Doc. # 34 at 13.) Defendant is mistaken. Under Fed. R. Civ. P. 42(b), district courts possess broad discretion in determining whether to bifurcate a trial. *See, e.g.*, *Precision Fitness Equip. v. Nautilus, Inc.*, No. 08-cv-01228, 2010 WL 4054086, at *2 (D. Colo. Oct. 14, 2010) (unpublished) ("a district court has broad discretion to order separate trials"); *Dowdy v. Coleman Co., Inc.*, No. 11CV45, 2012 WL 5944232, at *9-10 (D. Utah Nov. 28, 2012) (unpublished) (denying motion to bifurcate the liability and compensatory damages phases of trial from any punitive damages phase of trial); *Thorne v. Weld Inv., Inc.*, 197 F.3d 1206, 1213-14 (8th Cir. 1999) ("The decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court."). Thus, the Court rejects Defendant's unsupported argument that it has some sort of inherent due process right to bifurcate the EEOC's punitive damages claim.

The fact that bifurcation is not mandated by due process, however, does not necessarily mean that bifurcation would be inappropriate. As noted, the Court possesses broad discretion in determining whether to bifurcate a trial. But no motion for bifurcation is pending. The Court is unwilling and unable to pre-judge this issue because the Court has no way of discerning whether bifurcation would result in any measurable gains in convenience, efficiency, or a reduction in prejudice. *See* Fed. R. Civ. P. 42(b).

## IV. **CONCLUSION**

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART. Specifically, the Court GRANTS summary judgment on Defendant's Third, Fifth, Twelfth, Fourteenth, and Twenty-Second affirmative defenses. The Court DENIES summary judgment on Defendant's Eighth affirmative defense. The Court STRIKES Defendant's Thirteenth affirmative defense.

DATED:  December   14  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge