**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02557-CMA-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL**

---

This case was tried to a jury, which found that Defendant Beverage Distributors Company, LLC ("Beverage Distributors") discriminated against Mike Sungaila when it withdrew an offer of employment upon learning that he was legally blind. Beverage Distributors now asks this Court to postpone until the Tenth Circuit rules on the appeal, the requirement that Beverage Distributors hire a consultant to provide training and other remedial services to its employees. (Doc. # 137.) Because Beverage Distributors has not met its burden, the Court declines to allow postponement of hiring a consultant.

## I. BACKGROUND

The U.S. Equal Employment Opportunity Commission ("EEOC") brought this enforcement action against Beverage Distributors on behalf of Mr. Sungaila. This case was tried to a jury, and, on April 12, 2013, the jury returned a verdict finding that Beverage Distributors discriminated against Mr. Sungaila in violation of the Americans

with Disabilities Act ("ADA") when it withdrew its conditional offer of employment as a Night Warehouse Loader upon being informed that he is legally blind. The jury awarded back pay in the amount of $132,347.00, but reduced that award by $102,803.75, because it determined that Beverage Distributors proved by a preponderance that Mr. Sungaila failed to make reasonable efforts to reduce his damages for loss of back pay. (Doc. # 96.)

After considering post-trial motions, this Court reinstated the full jury award, finding that Beverage Distributors failed to present evidence to support the jury's reduction of the back pay damages award. This Court also awarded various forms of injunctive relief, including, as relevant here, that Beverage Distributors reinstate Mr. Sungaila to the position of Night Warehouse Loader and hire an outside consultant to provide employee training and assistance in revisions to its policies, updates to its job postings, notice posting, and reporting and compliance review. (Doc. # 116.)

## II.  LAW AND ANALYSIS

In the instant motion, Beverage Distributors requests, and the EEOC does not oppose, that this Court stay payment of the monetary judgment and reinstatement of Mr. Sungaila. Accordingly, this Court grants these requests and orders that Beverage Distributors post a supersedeas bond in the amount of $132,347.00. *See* Fed. R. Civ. P. 62(d); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (typically, the amount of the bond will equal the amount of the judgment). Beverage Distributors also requests that this Court stay its order that Beverage Distributors hire an outside

consultant to provide employee training. For the reasons set forth below, the Court denies this request.

**A.    STANDARD OF REVIEW**

Under Fed. R. Civ. P. 62(c), this Court may "suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights" while an appeal is pending from a final judgment that grants an injunction.[1] The purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque,* 79 F.3d 1014, 1020 (10th Cir.1996). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder,* 556 U.S. 418, 427 (2009) (internal citations and quotation marks omitted). It is in this Court's discretion to grant a stay. *Id.* at 433. The party requesting the stay, here Beverage Distributors, "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

When considering a stay pending appeal, this Court must address the following factors: (1) the likelihood of success on appeal, (2) the threat of irreparable harm absent a stay, (3) the absence of harm to opposing parties if the stay is granted, and (4) any risk of harm to the public interest. *F.T.C. v. Mainstream Mktg. Servs., Inc.,* 345 F.3d 850, 852 (10th Cir. 2003); *Homans v. City of Albuquerque,* 264 F.3d 1240, 1243 (10th Cir. 2001). Where the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed, and

---

[1] The parties agree that this Court's order of injunctive relief is covered by this rule.

is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.[2] *Mainstream Mktg Serv., Inc.,* 345 F.3d at 852-53 (citations omitted). Thus, the Court will begin by addressing the three "harm" factors.

**B.     DISCUSSION**

   1.     <u>Threat Of Irreparable Harm Absent A Stay</u>

Beverage Distributors argues that it will suffer irreparable harm in the absence of a stay because "even if successful on appeal, [it] will not be able to recoup the lost amount paid to a consultant, or the time and effort spent reporting its compliance to [this Court]." (Doc. # 137 at 9.) In applying the identical prong to determine whether to grant a preliminary injunction, the Tenth Circuit has warned, "To constitute irreparable harm, an injury must be certain, great, actual, and not theoretical. . . . It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (citing *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). Beverage Distributors fails to state, or even estimate, the costs it anticipates incurring. Nor does it address how that cost would impact the company

---

[2] Beverage Distributors asserts the inverse of this principal is true, stating, "[W]here a moving party demonstrates a high likelihood of success on the merits, it need not present as strong of a case as to irreparable harm." (Doc. # 137 at 9) (citing *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 1002 (10th Cir. 2005) (hereinafter "*O Centro*")). This is an example of the necessity of proper citations. First, Beverage Distributors fails to indicate that this statement of law is taken from the dissent, not the majority opinion. *See O Centro*, 389 F.3d at 1002 (Seymour, J., dissenting). Second, Beverage Distributors fails to indicate that the dissenter relies on a Seventh Circuit opinion, *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891 (7th Cir. 2001), as support, rather than precedent that is binding on this Court.

financially so as to establish that it would suffer a "certain, great" harm. Therefore, this element favors the EEOC.

    2.    <u>Absence Of Harm To Opposing Parties If The Stay Is Granted</u>

Beverage Distributors asserts various arguments that Mr. Sungaila's rights are protected because it intends to post a supersedeas bond and he is currently employed. However, these arguments are relevant to whether this Court should grant a stay of the monetary judgment and Mr. Sungaila's reinstatement, which the EEOC does not oppose. Beverage Distributors puts forth no argument that the opposing parties would be harmed if this Court were to stay the requirement that Beverage Distributors hire a consultant. It is Beverage Distributors' burden to demonstrate the stay is warranted, *Nken,* 556 U.S. at 433-34, and because it failed advance relevant argument, this element does not weigh in favor of a stay.

    3.    <u>Risk Of Harm To The Public Interest</u>

Beverage Distributors argues that "whether a consultant is retained to review [its] internal policies—even if it affects a small number of [its] employees—will not affect the broader public. (Doc. # 137 at 10.) The Court agrees with the EEOC that the public would be served by eradicating discrimination and ensuring that applicants have a fair chance at employment. At trial, Beverage Distributors managers and human resource professionals demonstrated a lack of sufficient knowledge of the ADA, and could benefit greatly from training. Therefore, this factor weighs in favor of denying the stay.

   4.  Likelihood Of Success On Appeal

Based on the Court's findings, the first three "harm" factors do not support a relaxed view of the "likelihood of success factor." *See Mainstream Mktg Serv., Inc.,* 345 F.3d at 852-53. Beverage Distributors make various arguments that this Court erred in awarding a tax penalty offset and determining that Beverage Distributors failed to produce evidence that Mr. Sungaila failed to mitigate his damages. However, even if Beverage Distributors' appeal prevails on either of these issues, it would not affect this Court's award of injunctive relief. To the extent Beverage Distributors also argues that it is likely to succeed on its claims that this Court erroneously instructed the jury, Beverage Distributors has not set forth any new evidence or argument that this Court has not previously considered. Accordingly, Beverage Distributors has not demonstrated that it is likely to succeed on appeal.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Beverage Distributors' Motion for Stay Pending Appeal (Doc. # 137) is GRANTED IN PART and DENIED IN PART. It is

FURTHER ORDERED that the Second Amended Judgment is STAYED to the extent it orders Beverage Distributors to reinstate Mr. Sungaila to the position of Night Warehouse Loader with the same seniority he would have had if he had not been terminated. It is

FURTHER ORDERED that, upon the posting of a supersedeas bond in the amount of $132,347.00, the Second Amended Judgment is STAYED to the extent it

orders Beverage Distributors to pay a monetary award.  Beverage Distributors shall have 20 days from the date of this Order to obtain and post the bond, otherwise this portion of this Order shall become null and void and the EEOC can begin collection. It is

FURTHER ORDERED that Beverage Distributors shall report, within six months of this Order, its compliance with this Court's December 9, 2013 Order (Doc. # 116) to engage an outside consultant to provide employee training and assistance in revisions to its policies, updates to its job postings, notice posting, and reporting and compliance review.

DATED:  November   01  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge