**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02557-CMA-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,

    Defendant.

**CONSENT DECREE**

### I. RECITALS

**1.** This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or "the Commission"), an agency of the United States government, alleging that after eliminating Mike Sungaila's position as a Driver Helper, Defendant Beverage Distributors Company, LLC ("Defendant" or "BDC") offered Mr. Sungaila a position as a Night Warehouse Loader, conditioned on the results of a medical examination, and that after obtaining the results of the medical examination, Defendant withdrew the offer because of Mr. Sungaila's disability and terminated his employment.

**2.** The Parties signatory hereto are the EEOC and the Defendant.

**3.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter

of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**4.** As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**5.** For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**6.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

**7.** The duration of this Decree shall be two (2) years from the date of signing by the Court.

## III. ISSUES RESOLVED

**8.** This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act (ADA) that arise from Charge of Discrimination Number 541-2008-01960 filed by Mike Sungaila, which claims Defendant has denied.

**9.** Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV.     MONETARY RELIEF

**10.**     Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $160,000.

**11.**     Defendant will not condition the receipt of individual relief upon Mr. Sungaila's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position with the Defendant.

**12.**     To resolve these claims, Defendant shall pay a total of $160,000, payable to Mr. Sungaila, allocated as follows:

> 12.1 Total Back Pay, Including Pre-Judgment Interest and Tax Penalty Offset: $80,000
>
> 12.2 Compensatory Damages: $80,000

**13.**     The payments required under this Decree shall be mailed to the payee(s) within ten (10) calendar days after the Court's entry of the Decree, and mailed to the address provided by the EEOC.

**14.**     Within three (3) business days after payments are mailed to Mr. Sungaila, Defendant shall submit to the EEOC copies of the checks issued.

## V.     OTHER INDIVIDUAL RELIEF

**15.**     Within seven (7) calendar days of the entry of the Decree, Defendant will provide Mr. Sungaila with a letter of recommendation on company letterhead in the form attached as Exhibit 1.

**16.**     Unless otherwise required to be maintained by Defendant under applicable law, Defendant shall expunge from its records (a) any and all references to the allegations of

discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to Mr. Sungaila's participation in this action.

## VI. EQUITABLE RELIEF

*Scope*

**17.** The terms of this Decree shall apply to all of Defendant's facilities in Colorado.

*Injunctive Relief*

**18.** Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, shall not engage in any employment practice which discriminates on the basis of disability. Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, shall not engage in reprisal or retaliation of any kind against any individual because of such individual's opposition to any act or practice made unlawful under the ADA or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

*EEO Policy Review*

**19.** Defendant shall amend its equal employment opportunity (EEO) policy to comply with the correct legal standards under the ADA. Specifically, Defendant must amend its policy to state that it will provide reasonable accommodations unless doing so would impose an undue hardship on Defendant or create a significant risk of substantial harm to the health or safety of its employees, which risk cannot be reduced or eliminated by reasonable accommodation. Defendant will have this policy reviewed by an Outside Consultant (which may be a law firm/ specializing in the area of employment law).

*Anti-Discrimination Policy*

**20.** After consultation with an Outside Consultant (which may be a law firm specializing in the area of employment law), Defendant shall adopt and maintain a policy proscribing discrimination based on disability, mandating that Defendant provide reasonable accommodations to qualified individuals under the ADA, and proscribing retaliation against any employee who complains about discrimination, requests reasonable accommodation for a disability, or files a charge of discrimination ("Anti-Discrimination Policy"). The Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations. Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place, frequented by employees, in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy. Within forty-five (45) calendar days of the Court's entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees and also will include the Policy in its Associate Handbook, which is provided to all new employees. Within sixty (60) calendar days of the Court's entry of this Decree and again annually through the duration of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

### *Reasonable Accommodation Guidance*

**21.** After consultation with an Outside Consultant (which may be a law firm specializing in the area of employment law), Defendant shall adopt and maintain a written policy that advises that Defendant will make reasonable accommodations to qualified employees and applicants with disabilities in compliance with applicable laws and that sets forth the process for considering and providing those reasonable accommodations. The policy will provide guidance on how to determine the reasonableness of potential accommodations and, more specifically, will explain that Defendant must engage in the interactive process with the applicant/employee in order to determine the precise limitations resulting from the disability at issue and the potential reasonable accommodations that could assist in overcoming the identified limitations. The policy also will advise that Defendant will provide reasonable accommodations unless doing so would impose an undue hardship on Defendant or create a significant risk of substantial harm to the health or safety of its employees, which risk cannot be reduced or eliminated by reasonable accommodation.

**22.** The policy must be distributed to all employees in accordance with the Anti-Discrimination Policy provisions in Paragraph 20. Within sixty (60) calendar days of the Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

### *Training*

**23.** By no later than ninety (90) days following the entry of this Decree, and at least twice a year throughout the duration of this Decree, Defendant shall provide live, in-

person EEO training for managers, human resources personnel and employees with hiring authority that, at a minimum, is no less than three (3) hours in length and addresses the following areas: (a) rights of disabled employees and applicants to reasonable accommodations under the ADA, including the interactive process for determining what accommodations may be appropriate to provide; (b) the procedure for employees or applicants to request accommodations and the responsibilities of the individual receiving any such requests; (c) Defendant's procedures for handling accommodation requests; (d) the ADA provisions and prohibitions regarding medical inquiries; (e) the ADA limitations on use of medical information obtained through lawful post-offer/pre-employment medical screening; (f) the interactive process for determining reasonable accommodation, including instruction that the interactive process is required before an individual may be denied employment because of some medical condition, or based on information obtained through post-offer/pre-employment medical screening; (g) proper handling of medical information obtained as a result of post-offer/pre-employment medical screening or otherwise; and (h) the penalties for engaging in discriminatory behavior. These training sessions will be conducted on a timetable which ensures that each employee who is newly-hired or promoted into a managerial or human resources position, or a position with hiring authority, completes the requisite three (3) hours of disability training within six (6) months of being hired or promoted into such position.  It is understood, however, that any employee required to attend training pursuant to this Paragraph 23 shall only be required to attend one (1) such training session in any twelve (12) month period.

**24.**     By no later than ninety (90) days following the entry of this Decree, Defendant shall provide EEO training, which may be either live or on-line, for all other employees that, at a minimum, is no less than thirty (30) minutes in length and: (a) explains Defendant's policy on reasonable accommodations as described in Paragraph 21; (b) explains how employees should request reasonable accommodations, including the titles and contact information for the person(s) to whom the requests should be made; and (C) explains the interactive process, including how an employee can initiate that process.

**25.**     All training under Paragraphs 23 and 24 shall be at Defendant's selection and expense, and Defendant shall maintain a register of all personnel who attended the training.  Unless otherwise approved by the EEOC, training shall be conducted by Erin Connolly, Defendant's in-house employment counsel, or by an Outside Consultant (which may be a law firm specializing in the area of employment law), provided that any trainer must have experience with ADA training.  Within thirty (30) days of completion of any training, Defendant also shall provide the EEOC with a copy of the register of attendance from the training as well as an outline/copy of the training agenda. Defendant agrees that all personnel shall both register and attend the training sessions, and no one shall be listed on the register of attendance unless he or she actually attended the training.

## VII.  Record Keeping and Reporting Provisions

**26.**     For the duration of this Decree, Defendant shall maintain all records concerning implementation of this Decree, including all of the following:

  **26.1.**  Job Postings

**26.2.** Hiring records

**26.3.** Medical examination results for all individuals sent for a physical agility test and/or medical evaluation; and

**26.4.** Complaints of disability discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, findings, and remedial steps; and

**26.5.** Requests for disability accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided.

27. For each six (6) month period during the duration of this Decree, Defendant shall provide written reports to the EEOC that contain the following information:

**27.1.** <u>Applicants for Hire</u>.  If any candidate was not hired by Defendant within the applicable six (6) month period due to his or her disability or the results of a pre-employment medical screen, Defendant will provide the name, address and telephone number of the candidate and an explanation of why the results of the medical screen precluded employment.

**27.2.** <u>Reports of Disability Discrimination</u>.  If any candidate or employee has made either a verbal complaint of alleged disability discrimination (to include any complaints regarding the witnessing of alleged disability discrimination) to Defendant's managerial or human resources personnel or a written complaint of alleged disability discrimination (to include any complaints regarding the witnessing of alleged disability discrimination) to Defendant's managerial or human resources personnel or to a federal, state or local government agency

within the applicable six (6) month period, Defendant will provide the following information:  the name, address and telephone number of the complainant; the name, address and telephone number of each person identified as a potential witness; a brief summary of the complaint, to include the date of the complaint and the names of the individual(s) alleged to have engaged in the discriminatory conduct; a copy of the complaint, if applicable; a summary of Defendant's investigation and response to the complaint, including the name of the person(s) who investigated and responded to the complaint; and the resolution reached, if any.  If additional information or documentation is needed by the Commission, a Commission representative can contact Erin Connolly, Defendant's in-house employment counsel, or her replacement.

**27.3.**   <u>Reasonable Accommodation Procedures and Results</u>.  A report of any disability-related reasonable accommodation requests made to Defendant's managerial or human resources personnel within the applicable six (6) month period which includes the following:  the name, address and telephone number for each person making the request; the date of the request; to whom the request was made; a summary of the accommodation requested; the person responsible for responding to the request; a summary of the interactive process engaged in with respect to the request; a description of the outcome of the request (ie; whether an accommodation was provided and, if so, a summary of the accommodation and the reasons for granting or denying any particular accommodation).  If additional information or documentation is needed by the

    Commission, a Commission representative can contact Erin Connolly,

    Defendant's in-house employment counsel, or her replacement.

Any reports required to be provided pursuant to this Paragraph 27 shall be sent to the EEOC by no later than forty-five (45) days following the completion of the applicable six (6) month period, except the final report which shall be submitted to the EEOC at least eight (8) weeks prior to the date on which the Decree is set to expire.

## VII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**28.** This Court shall retain jurisdiction of this cause for purposes of enforcing and ensuring compliance with this Decree, to include the jurisdiction to grant any necessary extensions of the Decree or other relief.

**29.** There is no private right of action to enforce Defendant's obligations under the Decree, and only the Commission, its successors, or assigns may enforce compliance herewith.

**30.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. However, prior to petitioning the Court, the Commission must give Defendant a thirty (30) day notice period in which to investigate and respond to the Commission's allegations, followed by a fifteen (15) day period to either cure the alleged deficiency or to negotiate a resolution, unless a longer period is agreed upon by the Parties. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**31.** Absent extension, this Decree shall expire by its own terms at the end of two (2) years from the date of entry without further action by the Parties or the Court.

## IX. EEOC AUTHORITY

**32.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

**33.** Each Party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

**34.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, and by email, as follows:

<u>EEOC</u>:

Sean Ratliff
Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

<u>BDC</u>:

Kris Gleason
Human Resources Director
Beverage Distributors Corp.
14200 E. Moncrieff Place
Suite E
Aurora, CO 80011

## XII.  SIGNATURES

**35.**     The Parties agree to the entry of this Decree subject to final approval by the Court.

DATED: December 4, 2015                          BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____  (Sean Ratliff - Supervisory Trial Attorney)
Mary Jo O'Neill                for Mary Jo O'Neill
Regional Attorney

Date: 12/1/15


BEVERAGE DISTRIBUTORS COMPANY, LLC

By: _____
Joseph Marotta
President and Chief Executive Officer

Date: 11-25-15

APPROVED AS TO FORM:

/s/ *Lauren Jaeckel*
Lauren Jaeckel
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO 80203
Telephone: 303.866.1381
E-Mail: lauren.jaeckel@eeoc.gov

Attorney for Plaintiff

/s/
Joshua B. Kirkpatrick, Esq.
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.362.2877
E-Mail: JKirkpatrick@littler.com

Attorney for Defendants

# EXHIBIT 1

*[Insert Date]*

*[Insert Name]*
*[Insert Address]*

    Re:    *[Mike Sungaila]*.

Dear *[Insert Name]*:

We employed Mr. Sungaila from *[insert date]* until *[insert date]*, when Mr. Sungaila resigned for personal reasons. The last position Mr. Sungaila held was *[insert position title]*, and his last rate of pay was *[insert last rate of pay]*.  Mr. Sungaila was a valuable employee, and he remains eligible for re-hire.

Sincerely,

_____
*[Insert Name]*
*[Insert Title]*